UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEAN LAMARTINE,<br><br>          Petitioner,<br><br>     v.<br><br>KELLY RYAN,<br><br>          Respondent. | ) <br> ) <br> ) <br> ) <br> )    CIVIL ACTION<br> )    NO. 15-13052-WGY<br> ) <br> ) <br> ) <br> ) |

YOUNG, D.J.                                        October 19, 2016

**MEMORANDUM & ORDER**

I.   **INTRODUCTION**

Jean Lamartine ("Lamartine") filed the instant petition for a writ of habeas corpus challenging his conviction on three counts of rape of a child and one count of contributing to the delinquency of a child.  The Respondent, Kelly Ryan ("Respondent"), is the superintendent of Massachusetts Correctional Institution-Shirley, the facility where Lamartine is currently confined.  In his petition and accompanying memorandum, Lamartine seeks post-conviction relief on the basis of ineffective assistance of counsel, newly discovered evidence, and improper admission of hearsay evidence in violation of his

Sixth Amendment rights.[1]  The Respondent chiefly contends that Lamartine's petition suffers from a number of fatal procedural flaws, and accordingly ought be denied.

A.  **Trial and Conviction**

Lamartine was indicted by a Middlesex County grand jury on March 18, 2008.  Suppl. Answer 00003.[2]  Lamartine entered a plea of not guilty.  Id.  After Lamartine stood trial, a jury found him guilty of three counts of rape of a child with force, Mass. Gen. Laws ch. 265, § 22A, and one count of contributing to the delinquency of a child, Mass. Gen. Laws ch. 119, § 63, on June 19, 2009.  Suppl. Answer 00006, 00058-61.  Justice Sandra Hamlin sentenced Lamartine to two concurrent terms of twelve to fifteen years in state prison, one year in a house of correction (also to run concurrently), and ten years of probation.  Id. at 00006-07.

---

[1] Although Lamartine frames his third claim in due process terms, the asserted violation is actually that of the right to confront and cross-examine witnesses provided by the Sixth Amendment and incorporated by the Fourteenth Amendment to apply in state courts.  Crawford v. Washington, 541 U.S. 36, 53 (2004).

[2] The record was filed in paper copy with the Court, see Notice Manual Filing, ECF No. 14, as the Respondent's Supplemental Answer.  Accordingly, citations to documents pertaining to these proceedings will refer to the continuous pagination contained in that filing and will not include an ECF number.

B.    **Direct Appeal**

Lamartine filed a notice of appeal on June 21, 2009.  <u>Id.</u>
at 00062.  In his appeal, Lamartine purported to identify three
errors.  <u>See</u> <u>id.</u> at 00070.  First, he argued that the trial
court refused to allow him a full opportunity to cross-examine
the complaining witness, in violation of his Sixth Amendment
rights.  <u>Id.</u> at 00103-10.  Second, he argued that the court
erred in allowing an "irrelevant and highly prejudicial"
photograph to be admitted in evidence.  <u>Id.</u> at 00110-14.  Third,
he claimed that the court wrongly allowed the testimony of a
substitute first complaint witness.  <u>Id.</u> at 00114-00121.

The Massachusetts Appeals Court rejected these arguments
and affirmed Lamartine's convictions in a Memorandum and Order
issued on May 13, 2011.  <u>Id.</u> at 00207-08; 79 Mass. App. Ct. 1117
(2011).  Lamartine then sought further review of these issues in
the Supreme Judicial Court, which denied his application.
Suppl. Answer 00209.

C.    **Post-Conviction Motions**

Lamartine has twice moved for a new trial.  <u>See</u> <u>id.</u> at
00272-73.  His first motion raised three issues.  <u>See</u> <u>id.</u> at
00272.  The first two issues were identical to those that were
raised in his direct appeal.  <u>Id.</u>  The third issue was that
there was insufficient evidence to support his conviction, which

[3]

the Middlesex County Superior Court ruled he had waived by failing to raise on direct appeal. Id. The trial court found no error and denied the first new trial motion on February 26, 2013. Id. at 00273.

Lamartine then filed a second motion for new trial based on ineffective assistance of counsel and newly discovered evidence. Id. The ineffective assistance claim was based on his lawyer's failure to depose the mother of his victim's friend, whom Lamartine claimed was the first-complaint witness. Id. The newly discovered evidence claim was also based on the absence of this deposition. See id. at 00274. The Middlesex County Superior Court rejected both of these arguments and denied the second new trial motion on September 4, 2014. Id. at 00276. Specifically, it ruled that Lamartine's "asserting of error is nothing more than a meritless variation to claims he has twice asserted unsuccessfully[,]" i.e., on direct appeal and on his first new trial motion. Id. at 00273-74. The trial court observed that Lamartine knew of the so-called newly discovered evidence even before trial, that the undeposed witness had no "relevant and material" evidence, and that Lamartine's trial counsel was not ineffective for failing to depose her. Id. at 00274-75. Lamartine appealed, and the Massachusetts Appeals Court affirmed the denial of his second new trial motion on February 24, 2015. Id. at 00317; 87 Mass. App. Ct. 1107 (2015).

[4]

He again filed an application for further appellate review, which was denied.   Suppl. Answer 00318.

On July 30, 2015, Lamartine filed a petition for a writ of habeas corpus in this Court.   Pet. Under 28 U.S.C. § 2254 Writ Habeas Corpus By Person In State Custody ("Pet."), ECF No. 1. The Respondent filed her answer on November 19, 2015.   Answer, ECF No. 13.   The parties have since filed memoranda supporting their positions.   Mem. Law Points Law Supp. Appl. Writ Habeas Corpus ("Pet'r's Mem."), ECF No. 17; Resp't's Mem. Law Opp'n Pet. Writ Habeas Corpus ("Resp't's Mem."), ECF No. 18.

## II.   ANALYSIS

### A.   Legal Standard

This Court reviews habeas petitions seeking relief from state court convictions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) ("Section 2254(d)").

For the purpose of Section 2254(d)(1), "[a] state court decision is contrary to clearly established federal law if it contradicts the governing law set forth in the Supreme Court's cases or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court but reaches a different result." Companonio v. O'Brien, 672 F.3d 101, 109 (1st Cir. 2012) (internal quotation marks and citation omitted). Further, a decision is an unreasonable application of clearly established law "if it applies Supreme Court precedent to the facts of the case in an objectively unreasonable manner, such as reaching a result that is devoid of record support for its conclusion." Id. (internal quotation marks and citations omitted). An unreasonable factual determination under Section 2254(d)(2) is one that is "objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

As the text of AEDPA makes clear, a deferential standard governs the Court's review of claims adjudicated on the merits in state court. See, e.g., Pike v. Guarino, 492 F.3d 61, 67 (1st Cir. 2007). "If the federal claim was never addressed by the state court, federal review is de novo." Id. (citation omitted). A state court need not issue an opinion explaining

its reasoning in order for its decision to constitute an adjudication on the merits under Section 2254(d).  Harrington v. Richter, 562 U.S. 86, 98 (2011).  Moreover, federal habeas review is precluded when the lack of state court adjudication on the merits is due to the petitioner's procedural default, i.e., "the petitioner's failure to comply with state procedural requirements[.]"  Rosenthal v. O'Brien, 713 F.3d 676, 683 (1st Cir. 2015).  Such procedural default "provid[es] an adequate and independent state-law ground for denying relief[,]" id., and thus habeas review is precluded unless the petitioner "demonstrate[s] cause for any state-court procedural default of federal claims, and prejudice therefrom," Costa v. Hall, 673 F.3d 16, 23 (1st Cir. 2012).

**B.   Grounds for Relief**

Lamartine raises two grounds for relief in the instant petition: (1) ineffective assistance of counsel, Pet. 6; and (2) newly discovered evidence, id. at 8.  Additionally, in his memorandum, Lamartine argues that he is entitled to a writ of habeas corpus (or a new trial) because the trial judge allowed the prosecution to introduce hearsay evidence, violating his rights under the Confrontation Clause of the Sixth Amendment. See Pet'r's Mem. 1.  The Respondent argues that: (1) Lamartine waived the hearsay claim by failing to raise it in his habeas petition, Resp't's Mem. 4-6; (2) Lamartine waived the two

[7]

grounds asserted in his petition by failing to develop them in
his memorandum, id. at 6-7; and (3) Lamartine's ineffective
assistance of counsel claim is barred by the adequate and
independent state ground doctrine, id. at 7-9.  The Court
discusses each of Lamartine's grounds for relief in turn,
addressing the Respondent's arguments as they relate to each of
those grounds.

### 1.   Ineffective Assistance of Counsel

Lamartine's first ground for habeas relief is that his
counsel was ineffective.  Pet. 6.  As support for this, he
states that his "[d]efense counsel failed to investigate and get
statements from witnesses before they fled the country."  Id.
The Respondent contends that Lamartine waived this ground for
relief by failing to develop it in his memorandum, Resp't's Mem.
6-7, and alternatively, that this ground is procedurally
defaulted, id. at 7-9.

A petitioner's failure to explain the rationale and support
for his entitlement to habeas on a particular ground in his
memorandum can result in waiver of that claim.  See, e.g.,
Powell v. Tompkins, 783 F.3d 332, 349 (1st Cir. 2015); Garcia v.
Russo, 844 F. Supp. 2d 187, 189 (D. Mass. 2011) (Gorton, J.);
Herbert v. Dickhaut, No. 06-10036-NG, 2011 WL 3021770, at *14
(D. Mass. July 21, 2011) (Gertner, J.).  Here, Lamartine makes
no explicit mention of his ineffective assistance of counsel

claim in his memorandum.   Although the argument briefed in his

memorandum is tangentially related to the alleged error on the

part of his trial counsel -- both relate to the testimony of a

particular a witness -- it would be a stretch to say that

Lamartine's argument supports his ineffective assistance of

counsel claim.   See infra note 4.   Because Lamartine has failed

to adduce any support for his ineffective assistance of counsel

claim in his memorandum, this claim is waived.

Moreover, even were the ineffective assistance of counsel

claim not waived for the reasons discussed above, review of that

claim on the merits would be inappropriate because, as the

Appeals Court held, Lamartine "waived his [ineffective

assistance of counsel] claim by failing to raise it in his

direct appeal or as part of his first motion for a new trial."

Suppl. Answer 00327.   Such procedural default constitutes an

independent and adequate state law ground for the state court's

decision, and Lamartine has made no attempt to show cause and

prejudice for the default.   See Costa 673 F.3d at 23.

Accordingly, federal review of this claim is precluded.   See id.

### 2.   Newly Discovered Evidence

Lamartine next seeks habeas relief on the basis of newly

discovered evidence, stating:

> I became aware that counsel was ineffective, and
> failed to obtain statements in the form of deposition
> from witnesses that fled the country.   These

statements were exculpatory and were the basis of a false prosecution and the witnesses are foreigners and fled the country to avoid being called to testify.

Pet. 8.  The Respondent's memorandum merely notes that it "appears to be no more than a variation on [Lamartine's] ineffective-assistance claim."  Resp't's Mem. 7.   As with his ineffective assistance of counsel claim, Lamartine fails to brief the newly discovered evidence claim in his memorandum,[3] and therefore the claim is waived.  See supra.

### 3.   Admission of Hearsay Evidence

Besides the two grounds for relief set forth in his petition, Lamartine argues in his memorandum that the state trial court impermissibly admitted hearsay evidence, in violation of Lamartine's rights under Crawford v. Washington, 541 U.S. 36 (2004).  See Pet'r's Mem. 1-4.  The Respondent

---

[3] Indeed, it is not clear what evidence he claims is new, and how that affects his circumstances.  The statement supporting this claim in his petition is largely duplicative of his ineffective assistance of counsel claim (i.e., he effectively claims that he "discovered" that his counsel was ineffective).  Insofar as it presents a different ground for relief based on evidence of actual innocence, he is not entitled to habeas on this ground.  See Herrera v. Collins, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); see also Subilosky v. Callahan, 689 F.2d 7, 9 (1st Cir. 1982) ("Denial of a motion for a new trial based on newly discovered evidence may only be reviewed on habeas for the presence of error of constitutional magnitude.") (internal quotation marks and citation omitted).

argues that this claim is improper, as it is not included in

Lamartine's habeas petition.   Resp't's Mem. 4-6.

Under 28 U.S.C. § 2242, a petition for habeas must "specify

all the grounds for relief which are available to the

petitioner[.]"   Smiley v. Maloney, No. Civ.A. 01-11648-GAO, 2003

WL 23327540, at *16 n.39 (D. Mass. Oct. 31, 2003) (O'Toole, J.)

(quoting Rule 2(c) of the Rules Governing Section 2254 Cases);

see also Logan v. Gelb, 790 F.3d 65, 70 (1st Cir. 2015)

(concluding that petitioner waived ground for relief that he

omitted from his habeas petition).   Here, Lamartine's petition

makes no mention of a due process or Sixth Amendment claim,

which is raised for the first time in Lamartine's memorandum,

and thus this claim is waived.[4]

---

[4] The Court declines to find that this claim is sufficiently
related to his ineffective assistance of counsel claim to avoid
waiver, since this connection is far from clear in Lamartine's
memorandum.   In Logan, for example, the First Circuit concluded
that a petitioner's ineffective assistance of counsel claim
"d[id] not save his waived and unexhausted due process claim"
premised on the admission of hearsay evidence, even though his
ineffective assistance of counsel claim was based on the
admission of such hearsay evidence.   790 F.3d at 70 ("[W]e
understand Logan to be raising an independent claim that his
counsel was ineffective for failing to object to [the testimony
at issue] on hearsay grounds[.]"   Here, the connection between
Lamartine's ineffective assistance claim -- which is based on
counsel's failure to "investigate and get statements from
witnesses[,]" Pet. 6 -- is even more remote.   Further, the
outcome is unchanged regardless since, as discussed supra,
Lamartine procedurally defaulted his ineffective assistance of
counsel claim.

[11]

## III.  CONCLUSION

For the foregoing reasons, Lamartine's petition, ECF No. 1, is DENIED.

**SO ORDERED.**

WILLIAM G. YOUNG
U.S. DISTRICT JUDGE